**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED

July 14, 2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Nik Sams**
DEPUTY CLERK

BRITTANY S. CAMPBELL,

*Plaintiff*,

v.

TERRELL ARTHUR NICHOLAS, ET AL.,

*Defendant.*

CASE NO. 3:26-CV-00072

MEMORANDUM OPINION & ORDER

JUDGE NORMAN K. MOON

Plaintiff Brittany Campbell ("Campbell") filed a form complaint without paying the $405 filing fee. *See* Dkt. 1. Instead, she filed a motion for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. 2, which the Court will grant. Given her IFP status, the Court must conduct an initial screening of her complaint, *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006), and must *sua sponte* dismiss her causes of action if they fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Because her Complaint fails to state any cause of action, it must be dismissed.

## I.      LEGAL STANDARDS

28 U.S.C. § 1915(e) permits district courts to, on their own motion, dismiss IFP complaints that are frivolous, malicious, or fail to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). This procedural vehicle is governed by the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Minter v. Clarke*, 2022 WL 4537904, at *3 (E.D. Va. Sep. 12, 2022) (comparing standards). To survive this stage, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court must accept a plaintiff's

factual allegations as true and must draw all reasonable inferences in the plaintiff's favor. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 684 F.3d 462, 467 (4th Cir. 2012). Although a complaint "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action" in order to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Because Campbell is proceeding *pro se*, the Court must liberally construe her complaint. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, the Court need not draw inferences that are "unsupported by facts alleged in the complaint." *Green v. McHugh*, 793 F. Supp. 2d 346, 349 (D.D.C. 2011); *see also Grigg v. Montana Dep't of Justice, et al.*, 2026 WL 1134159, at *2 (D.N.D. Feb. 4, 2026).

## II.    BACKGROUND

Campbell identified two Defendants—Terrell Nicholas and Nathaniel Jones—but she did not allege who they are or how they injured her. *See* Dkt. 1 at 2. Instead, she checked two boxes on her form complaint, asserting a *Bivens* claim and a § 1983 claim. *Id.* at 3. She then alleges that someone "lied about her" in state court, which resulted in the removal of her two children. *Id.* at 3–5. She asks for "help" to get her "babies back" because she "did nothing wrong." *Id.* at 5.

## III.    DISCUSSION

To state a § 1983 claim, a plaintiff must show an alleged constitutional deprivation that occurred because of action taken by the defendant "under color of ... state law." *Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019) (citing *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). *Bivens* is the judicially created equivalent of § 1983 for when a federal actor deprives a plaintiff of a constitutional or federal statutory right. *See Garcia v. U.S. Dep't of Just.*, 2021 WL

79612, at *1 (W.D. Va. Jan. 11, 2021) (citing *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971)). Both § 1983 and *Bivens* have a government action requirement—*i.e.*, "the conduct allegedly causing the deprivation of a federal right be fairly attributable to the [government]." *Davison*, 912 F.3d at 679 (quoting *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006)).

Here, Plaintiff pleads zero facts establishing either a constitutional deprivation or that Defendants acted under color of state law. Moreover, generally, child custody issues are "the exclusive domain of state courts." *See Davis v. Singer*, 2013 WL 12141424, at *1 (E.D. Va. Aug. 1, 2013). Federal courts only become involved in custody disputes if a state actor violates a specific constitutional right or federal statutory provision like depriving a parent of procedural due process. *E.g.*, *Parker v. Austin*, 105 F. Supp. 3d 592, 598 (W.D. Va. 2015). Because she has not alleged a violation of federal law, Plaintiff's § 1983 and *Bivens* claims clearly fail. It appears Plaintiff's best course of action would be to hire an attorney to file an appropriate petition in state court regarding her custody issues

### IV.    CONCLUSION

For these reasons, Campbell's motion to proceed *in forma pauperis* (Dkt. 2) is **GRANTED**.

However, her complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

The Clerk shall close this case and mail a copy of this Memorandum Opinion and Order to Plaintiff at her last known address.

It is so ordered.

Entered this 14th day of July, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

3